72 F.3d 920
 315 U.S.App.D.C. 281
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
PUBLIC UTILITIES COMMISSION OF the STATE OF CALIFORNIA, et
al., Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
El Paso Natural Gas Company, et al., Intervenors.
 No. 94-1545.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 2, 1996.
 
 Before EDWARDS, Chief Judge, BUCKLEY and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause was considered on the record from the Federal Energy Regulatory Commission and was briefed and argued by counsel. After full review, the court is satisfied that appropriate disposition does not warrant an opinion. See D.C.Cir.Rule 36(b). On consideration thereof, and for the reasons explicated in the attached memorandum, we find that the Commission failed to provide a clear and reasoned analysis for denying an investigation into alleged issues of eligibility. Accordingly, it is
 
 
 2
 ORDERED that this matter be remanded to the Commission for clarification.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 I. BACKGROUND
 
 4
 This matter arises out of an October 31, 1991, tariff filing submitted by El Paso Natural Gas Company ("El Paso") reflecting approximately $93 million of costs incurred in buying down take-or-pay gas purchase contracts ("buydown costs"). In accordance with the equitable sharing principle of Order No. 500, 52 Fed.Reg. 30,334 (1987), and El Paso's Global Settlement, see El Paso Natural Gas Co., 54 FERC p 61,316 (1991), El Paso proposed to absorb 25 percent of these buydown costs, to recover 25 percent of the costs by directly billing its customers (including petitioners Pacific Gas and Electric Company and Southern California Gas Company), and to recover the remaining 50 percent of the costs through a volumetric surcharge on its sales and transportation rates. The California Public Utilities Commission Pacific, Pacific Gas and Electric Company, and Southern California Gas Company (jointly, "California Parties") filed notices of intervention requesting, inter alia, a technical conference to address "non-prudence issues" (e.g., the "eligibility" of the buydown costs for recovery under Order No. 500).
 
 
 5
 On November 27, 1991, the Federal Energy Regulatory Commission ("FERC" or "Commission") issued an order accepting El Paso's proposed tariff sheets. El Paso Natural Gas Co., 57 FERC p 61,274. In that order, FERC also established a hearing to give parties the opportunity to challenge the "prudence" of the buydown costs. Id. at 61,888. FERC declined to convene a technical conference on eligibility issues at that time but stated that interested parties could notify the Commission within 60 days if they desired such a conference. Id. at 61,889. Within 60 days, the California Parties filed a joint request for a technical conference on eligibility. The California Parties also filed individual written statements waiving their right to challenge El Paso's costs on grounds of prudence.
 
 
 6
 On October 23, 1992, the Commission rejected the request for a technical conference, 61 FERC p 61,107 at 61,426, and approved (with one exception not relevant here) El Paso's costs as "eligible" for recovery. Id. at 61,428. The California Parties petitioned for rehearing of the October 23 order, contending that FERC had improperly denied them the right to raise issues of eligibility. In their rehearing request, the California Parties identified seven settlement agreements in which they alleged that El Paso had bought down ongoing gas supply contracts to below-market prices. They averred, further, that by selling this below-market-price gas at market levels, El Paso would avoid absorbing its 25 percent share of the buydown costs in contravention of Order No. 500 because the profit realized on the gas sales would offset its share of those costs.
 
 
 7
 In an order dated June 16, 1994 ("June 16 Order"), FERC affirmed its earlier position that "all the costs filed for by El Paso [are eligible]" and denied the California Parties' request for rehearing. El Paso Natural Gas Co., 67 FERC p 61,324 at 62,135 (1994). The California Parties petitioned this court for review.
 
 II. ANALYSIS
 
 8
 Our review of the June 16 Order is limited in scope: we determine whether the Commission's actions, findings, and conclusions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Laclede Gas Co. v. FERC, 997 F.2d 936, 945 (D.C.Cir.1993). In particular, we must be satisfied that the June 16 Order adequately addressed the concerns raised by the California Parties in their rehearing request, cf. Cajun Elec. Power Coop., Inc., v. FERC, 28 F.3d 173, 175 (D.C.Cir.1994) (finding that FERC failed adequately to address concerns raised by petitioners), and that the order provided a reasoned explanation for its decision to approve El Paso's costs for recovery. Cf. Laclede, 997 F.2d at 938.
 
 
 9
 The California Parties challenge the June 16, 1994 Order on two grounds: (1) that FERC arbitrarily and capriciously refused to convene a technical conference to resolve issues relating to the eligibility of El Paso's costs for recovery and (2) that FERC acted improperly by approving El Paso's buydown costs while acknowledging an outstanding issue as to their eligibility. These claims are essentially the converse of one another as both revolve upon the eligibility of El Paso's buydown costs.
 
 
 10
 We are troubled by the June 16 Order's response to petitioners' claim that certain of El Paso's buydown costs are ineligible because they were incurred in reforming ongoing gas supply contracts to below-market prices. The relevant portion of the Order provides:
 
 
 11
 [I]f ... the California Parties believe that El Paso improperly negotiated the settlements related to the costs El Paso filed to recover ... they could have challenged the costs on the basis of prudence. The November 27 suspension order established a prudence hearing and required parties electing to challenge the prudence of El Paso's settlement to notify the Commission. However, no prudence challenge to El Paso's settlements was made. The California Parties filed notices to waive a prudence challenge. Therefore, the Commission finds that the parties are precluded from raising prudence issues on rehearing.
 
 
 12
 67 FERC p 61,324 at 62,136. The Commission now argues that this language constitutes a finding that the California Parties raised a prudence claim that they had affirmatively waived their right to assert.
 
 
 13
 There is no dispute that the California Parties waived their right to raise prudence issues. We are unable to discern, however, a clear finding in the June 16 Order that the California Parties only raised an issue of prudence. Although we do not doubt that the facts alleged by the California Parties could have formed the basis of a prudence challenge, the June 16 Order in fact acknowledges that "costs related to reforming gas purchase contracts to below-market price levels ... arguably should be ineligible for Order Nos. 500/528 recovery." Id. At oral argument, counsel for FERC attempted to dismiss this statement as simply paraphrasing the California Parties' argument. We find this explanation implausible. The statement that certain costs are "arguably ineligible" cannot be equated with the statement that "certain costs were argued to be ineligible." A more plausible interpretation of this statement is that FERC recognized that a plausible argument can be made as to the eligibility of the costs. Yet the agency would deny the California Parties the opportunity to make the argument.
 
 
 14
 In the June 16 Order, FERC offered an alternative ground for declining to engage in an investigation and resolution of the eligibility issues raised by the California Parties. Specifically, the Order explained that due to the "administrative costs" involved, the Commission "w[ould] not attempt to separate the contract buydown costs into two categories: costs related to reforming gas purchase contracts to below-market price levels ... and costs to reform the contracts to market levels. Id. The Order, however, provides no indication of the extent of the burden that this task would impose on FERC; nor does it indicate the degree to which the burden of allocating costs might be borne by petitioners in the course of the requested technical conference.
 
 
 15
 Apparently recognizing the weakness of the "administrative burden" rationale, FERC did not stress it as a ground for upholding the agency action on appeal. Moreover, counsel acknowledged, at oral argument, that these administrative costs would have been just as great if the California Parties had asked for a prudence proceeding. The Commission can't have it both ways. The task of sorting settlement costs into eligible and arguably ineligible costs either is or is not unduly burdensome; the burden does not change with the label attached to the proceeding. In light of FERC's damning admission, we can't accept this alternative justification for its denial of the California Parties' request for a technical conference.
 
 III. CONCLUSION
 
 16
 Because the Commission failed to provide a clear explanation of its reasons for denying an investigation into and resolution of the eligibility issues raised by the California Parties, the petition for review is granted. We remand this matter so that the Commission may have an opportunity to clarify its position. If the Commission continues to maintain that the California Parties raised only a prudence challenge, it must provide a reasoned explanation of the distinction between prudence and eligibility as related to the specific claims made by them. If the Commission continues to base its decision on grounds of administrative cost, it must support this contention with an analysis of the costs that it would incur in each of the proceedings. In the alternative, the Commission may grant the California Parties a technical conference on the issue of eligibility if it determines that an eligibility claim was in fact raised and that material issues of fact are in dispute with respect to that claim.